UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BRIAN K.; and P.K.,<br><br>        Plaintiffs,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY; and the SHOCKWAVE MEDICAL INC. HEALTH AND WELFARE PLAN,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO PROCEED PSEUDONYMOUSLY (DOC. NO. 34)**<br><br>Case No. 2:24-cv-00160<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

P.K. and his parent, Brian K., brought this action alleging Defendants violated the Employee Retirement Income Security Act of 1974[1] ("ERISA") by denying insurance coverage for care P.K. received while he was a minor.[2] Because Plaintiffs filed this case using only initials and a partial name, the court ordered them to file either an amended complaint under their full names or a motion for leave to proceed pseudonymously.[3] Plaintiffs filed a motion to proceed in this case under pseudonyms (their initials).[4] In the motion, Plaintiffs indicate Defendants have consented to their

---

[1] 29 U.S.C. §§ 1001 et seq.

[2] (*See* Compl., Doc. No. 1; Am. Compl., Doc. No. 27.)

[3] (*See* Docket Text Order, Doc. No. 32.)

[4] (*See* Mot. for Leave to Proceed Pseudonymously ("Mot."), Doc. No. 34.) Although the motion is entitled "Motion for Leave to Amend Complaint," this appears to be in error, as it does not reflect the relief sought.

1

request to proceed pseudonymously.[5] Based on the parties' stipulation and because this case involves P.K.'s highly sensitive and personal health information, Plaintiffs' motion is granted.

## LEGAL STANDARDS

Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties."[6] "Absent permission by the district court to proceed anonymously, . . . the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."[7] However, Rule 5.2 of the Federal Rules of Civil Procedure provides that minors may be named using initials unless the court orders otherwise.[8] Additionally, a party may proceed anonymously in "exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the [party's] identity."[9] In deciding whether to permit anonymity, courts exercise discretion in weighing these privacy interests against the public's interest in access to legal proceedings.[10]

---

[5] (*See id.* at 1.) Plaintiffs also indicate "the identities of Brian K. and P.K. are known to Defendants." (*See id.* at 4.)

[6] Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 17(a) (requiring an action to "be prosecuted in the name of the real party in interest").

[7] *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).

[8] Fed. R. Civ. P. 5.2(a)(3).

[9] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

[10] *See id.*

ANALYSIS

Where this case involves highly sensitive and personal health information, and Defendants consent to Plaintiffs proceeding pseudonymously, Plaintiffs' motion is granted. Plaintiffs' complaint contains sensitive details about P.K.'s personal circumstances and the serious mental health issues he confronted while he was a minor.[11] Because this information is "of a highly sensitive and personal nature," P.K. has a strong interest in protection of his identity.[12] Although P.K. is now an adult, this case relates exclusively to care he received when he was a child.[13] Additionally, Brian K.'s anonymity is warranted where disclosure of his full name would reveal P.K.'s identity.[14]

Further, public interest in the identities of the parties in this proceeding appears limited. This case does not involve the sorts of important public issues giving rise to common interest—such as cases "attacking the constitutionality of popularly enacted

---

[11] (*See, e.g.*, Am. Compl. ¶¶ 10, 35, Doc. No. 27.)

[12] *Femedeer*, 227 F.3d at 1246 (quoting *Frank*, 951 F.2d at 324).

[13] (*See* Mot., Doc. No. 34 at 4 ("Disclosure of this health information may lead to unwarranted retaliation from third parties, and public disclosure of P.K.'s mental health struggles could cause Plaintiffs even more trauma.")); *see also Tony M. v. United Healthcare Ins.*, No. 2:19-cv-00165, 2025 U.S. Dist. LEXIS 18132, at *4 (D. Utah Jan. 31, 2025) (unpublished) (permitting ERISA plaintiff to proceed pseudonymously where the case related to medical care the plaintiff received as a minor); *Doe v. USD No. 237*, No. 16-cv-2801, 2017 U.S. Dist. LEXIS 142435, at *31 (D. Kan. Sept. 1, 2017) (unpublished) ("The fact that Doe was a minor at all times material to the allegations of the complaint is at the forefront of the Court's analysis [of whether the plaintiff could proceed pseudonymously].").

[14] *See S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042, 2018 U.S. Dist. LEXIS 116054, at *4 (D. Kan. July 12, 2018) (unpublished) (noting a child "and his parents share common privacy interests based on their inseparable relationship," because disclosure of a parent's identity would effectively disclose the child's identity).

legislation."[15]  Instead, this case involves private individuals challenging the denial of insurance benefits for care received by a minor.  Any public interest in this case is limited (at least at this time) to the precedential or persuasive value of the rulings in the case.  The use of pseudonyms does not diminish this value.

## CONCLUSION

Where Plaintiffs' motion to proceed pseudonymously is stipulated and this case implicates matters of a highly sensitive and personal nature regarding care received by a minor, the motion[16] is granted.  Plaintiffs may proceed pseudonymously in this action. Within fourteen days of this order, Plaintiffs shall file, under seal: a disclosure containing the full legal name of P.K., and his parent, Brian K.[17]  That filing shall remain under seal unless otherwise ordered.

DATED this 7th day of February, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[15] *See Femedeer*, 227 F.3d at 1246.

[16] (Doc. No. 34.)

[17] *See W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) ("If a court grants permission [to proceed pseudonymously], it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter." (citing *Nat'l Commodity & Barter Ass'n*, 886 F.2d at 1245)).